IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SIMONE S. FREEMAN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-2412 |
| | : | |
| **KMART CORPORATION,** | : | |
| and **DAVID FISHER,** | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

Stengel, J.                                                                                                          May 30, 2007

For over twenty-five years plaintiff Simone Freeman was an employee of Kmart Corporation in Berks County, Pennsylvania. In 2002 and 2003, Ms. Freeman alleges that Kmart Corporation and her supervisor committed repeated acts of sexual discrimination, harassment, and retaliation against her in violation of federal and state law. The defendants have moved to dismiss the case from this court based on a lack of subject matter jurisdiction. The defendants' arguments focus on Kmart's recent bankruptcy and the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. After review of the bankruptcy court's Confirmation Order and Kmart's Joint Amended Plan of Reorganization, I agree with the defendants. I will dismiss this case in its entirety due to lack of subject matter jurisdiction.

I.    BACKGROUND[1]

Plaintiff, Simone Freeman, a fifty-five year old female, was hired by Kmart

---

[1] I have accepted all facts alleged in the complaint as true.

Corporation in October 1978 as a Sales Associate for Kmart's Reading, Pennsylvania facility. Freeman worked for Kmart over the next nineteen years and in January of 1997 she was promoted to Human Resources Manager.

In September 2002, defendant David Fisher became Freeman's supervisor at the Reading store. Beginning that month and continuing throughout her employment, Fisher subjected Freeman to sexually-charged and demeaning conduct and statements. Freeman repeatedly asked Fisher to cease his offensive conduct, but Fisher ignored her requests. As a result of the continued harassment, Freeman could not perform her employment duties and she took a leave of absence from January 2, 2003 to March 20, 2003. During that time, on January 6, 2003, Freeman lodged a complaint against Fisher to her district manager, Michael Strano. Strano investigated her complaints and sent a memorandum to Fisher reprimanding him and informing him to "control his language."

When Freeman returned to work on March 20, 2003, she was subjected to various forms of gender discrimination and retaliation due to her complaint against Fisher. First, Fisher had informed Freeman's co-workers of the complaint filed against him and instructed the co-workers not to speak to Freeman. Next, on March 20, 2003, Freeman was demoted to the position of service desk associate. Then, on May 6, 2003, Fisher reassigned and demoted Freeman to the position of cashier. The cumulative effect of the actions of Fisher and the inaction of Kmart in rectifying Fisher's unlawful conduct was the constructive discharge of Freeman, *i.e.*, the emotional stress of working under Fisher made

the continuation of Freeman's employment intolerable.[2]

Freeman alleges that Kmart's sexual harassment policy was ineffective and that Kmart never adequately trained its employees on Title VII's prohibitions.  Moreover, Freeman claims that the defendants followed a policy and practice of retaliating and discriminating against Title VII complainants.  With Freeman's complaint of Fisher, Kmart failed to properly investigate the complaint and failed to take sufficient corrective measures to remedy the hostile workplace environment.

On June 7, 2006, Freeman filed a five-count complaint against Kmart Corporation and Fisher.  Against defendant Kmart, Freeman alleges the following: (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); (2) gender discrimination in violation of Title VII; (3) gender discrimination, sexual harassment, and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"); (4) negligence in the implementation of its sexual harassment policy and in its handling of Fisher's unlawful conduct; and (5) intentional infliction of emotional distress.  As for defendant Fisher, Freeman charges him with the two state law claims of (1) negligence and (2) intentional infliction of emotional distress.  Freeman invokes the court's jurisdiction over the federal Title VII claims under, *inter alia*, 28 U.S.C. § 1331.  She claims the court has pendent jurisdiction over the state law claims.

---

[2] Freeman also avers in her gender discrimination claim that she received less compensation in her employment than similarly situated male employees.

On December 1, 2006, the defendants filed a Rule 12(c) motion for judgment on the pleadings. The defendants' arguments center around Kmart Corporation's recent Chapter 11 bankruptcy and a federal bankruptcy court's order that confirmed Kmart's reorganization plan.[3] The defendants request that this court grant their motion for three reasons: (1) the court lacks jurisdiction over Freeman's claims against Kmart because the claims are barred by the bankruptcy court's injunction; (2) the plaintiff failed to preserve her claims against Kmart under the Plan because her lawsuit is an "administrative expense;"[4] and (3) no independent jurisdictional basis exists for plaintiff's state law claims against Fisher. Freeman filed her response to the Rule 12(c) motion on December 22, 2006. The crux of her argument is that her claims are not barred, discharged, or controlled by Kmart's bankruptcy case because the claims accrued after the confirmation of the Plan.

## II.     RULE 12(C) JUDGMENT ON THE PLEADINGS STANDARD

"A motion for judgment on the pleadings may be used to assert the failure of plaintiffs to state a claim upon which relief can be granted or the lack of subject matter jurisdiction."  Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center, 536 F. Supp. 1065, 1070 (E.D. Pa. 1982). When considering a motion for judgment on the pleadings, the court must accept the complaint's allegations as true and draw all

---

[3] On January 22, 2002, Kmart filed a voluntary petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court"). On April 22, 2003, the Bankruptcy Court issued an order (the "Confirmation Order") that confirmed Kmart Corporation's First Amended Joint Plan of Reorganization (the "Plan").

[4] The defendants, and the Confirmation Order and Plan, use the term "administrative expense" or "administrative claim" as the term is defined in Section 503 of the Bankruptcy Code.

reasonable inferences in the plaintiff's favor.  See id.; Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980).  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999) (discussing the standard for a Rule 12(b)(6) motion).  See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (noting that there is no material difference in the applicable legal standard for a Rule 12(b)(6) motion and Rule 12(c) motion).

On a Rule 12(c) motion, the court can consider documents attached as exhibits to the complaint, documents on which the complaint is based, matters of public record, and materials subject to judicial notice.  See Ieradi v. Mylan Labs., Inc., 230 F.3d 594, 600 n.3 (3d Cir. 2000) ("Under Federal Rule of Evidence 201, we may take judicial notice at any stage of the proceeding of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned."); Smith v. Rorke, No. 90-6142, 1995 U.S. Dist. LEXIS 10792, at * 5-6 (E.D. Pa. July 26, 1995) (noting that a court is entitled to take judicial notice of a judicial decision).

### III. DISCUSSION

    A.    Kmart's Bankruptcy & the Exclusive Jurisdiction of the Bankruptcy Court

Initially, upon defendants' request and in consideration of the Rule 12(c) motion, I

will take judicial notice of the Bankruptcy Court's Confirmation Order and accompanying Plan for Kmart Corporation.[5]

In the Confirmation Order, the Bankruptcy Court retained *exclusive jurisdiction* over all matters relating to Kmart's bankruptcy and the Plan:

> Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided by the Plan over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other items and matters, jurisdiction over those items and matters set forth in Article XIV of the Plan.

Confirmation Order at 56, ¶ 39.  Article XIV of the Plan is entitled "Retention of Jurisdiction" and includes a non-exclusive list of the matters in which the Bankruptcy Court retains exclusive jurisdiction.  The pertinent parts of Article XIV provide as follows:

> [T]he Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and this Plan, including, among others, the following matters:
> . . .
> (k)   to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of this Plan or the Confirmation Order
> . . .
> (o)   to hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge, including any dispute relating to any liability arising out of the termination of employment . . . , regardless of whether such termination occurred prior to or after the Effective Date . . . .

---

[5]Since I am not converting the Rule 12(c) motion to a motion for summary judgment, I will not consider the additional evidence or affidavits submitted by the defendants in support of their motion.  See FED. R. CIV. P. 12(c).

Plan at 57-58.

Also relevant to this discussion is the Confirmation Order and Plan's provision for the *discharge* of Kmart's debts, claims, and causes of actions.  As of April 22, 2003 (the "Confirmation Date"), the Plan satisfied and discharged all known and unknown claims and causes of actions against Kmart, "including, but not limited to, Claims and Interests that arose before the Confirmation Date."  See Confirmation Order at 33, ¶ 11; Plan at 53.  In addition, "all persons who have held, hold or may hold" a claim against Kmart are *permanently enjoined* under the Confirmation Order, as of the "Effective Date," from: "(a) commencing or continuing in any manner any Claim, action or proceeding of any kind with respect to any Claim, Interest or any other right or Claim against [Kmart], which they possessed prior to the Effective Date . . ., and (d) asserting any Claims that are released hereby."  Confirmation Order at 33, ¶ 12.  "Effective Date" is a defined term in the Plan and is the day on which all conditions for the consummation of the Plan are satisfied or waived.  See Plan at 9.  The pleadings, the Confirmation Order, or the Plan do not indicate when the Effective Date occurred.

Based on the facts alleged in the complaint and given the dictates of the Confirmation Order and Plan, the Bankruptcy Court has exclusive jurisdiction to determine the permissibility of the plaintiff's claims against Kmart.  First, a legitimate dispute exists as to whether the bankruptcy discharge works to prevent any of Freeman's claims.  The parties' arguments in their briefs illustrate the uncertainty of the applicability

of the discharge to this case. While the discharge applies only to claims that arose prior to the Confirmation Date, the complaint includes employment actions that occurred both before and after the Confirmation Date. See Polystat, Inc. V. Union Tank Car Co. (In re: Polystat, Inc.), 152 B.R. 886, 891-93 (E.D. Pa. 1993) (discussing the scope of the bankruptcy discharge under section 1141(d)(1) of the Bankruptcy Code and holding that it applies to "postpetition, preconfirmation claims"). In addition, the Plan clearly states that the Bankruptcy Court must determine all disputes that relate to "*any* liability arising out of the termination of employment" regardless of whether the (constructive) termination occurred before or after the Effective Date. It is for the Bankruptcy Court to draw the line between the claims that survive the Chapter 11 proceedings and the claims that are discharged.

Second, the parties disagree as to whether the plaintiff's claims against Kmart are barred under the injunction language of the Confirmation Order. Regardless of whether the plaintiff's claims are discharged, this court cannot definitively determine whether or not the plaintiff's suit is enjoined under the terms of the Confirmation Order. The defendants' last employment action against Freeman occurred on May 6, 2003, but without knowing when the Effective Date occurred I cannot fairly enforce the injunction. In addition, I do not know when the plaintiff "possessed" her constructive discharge claim, which is required to implement and enforce the Bankruptcy Court's permanent injunction.[6]

---

[6]The test for constructive discharge is an objective one, which requires the court to ask if "working conditions become so intolerable that a reasonable person in the employee's position would

When such questions of enforcement, interpretation, and implementation of the Confirmation Order and Plan arise, it is the Bankruptcy Court's role, and in its exclusive jurisdiction, to resolve them.

The plaintiff raises legitimate objections to the Bankruptcy Court's exclusive jurisdiction, namely, that the some of the harassing and discriminatory conduct happened after the Confirmation Date. Given the plain language of the Confirmation Order and Plan, however, such averments do not defeat the Bankruptcy Court's exclusive jurisdiction. The scope of the bankruptcy discharge and the reach of the injunction to Freeman's employment-related action must be decided by the Bankruptcy Court before any claim can proceed. In addition, the plaintiff contends that she cannot be bound by any discharge under the confirmed Plan because she did not receive notice of Kmart's Chapter 11 case. Again, in deciding the extent of Kmart's discharge, proper notice is a factual determination reserved for the Bankruptcy Court and the plaintiff should raise the issue before that court. Likewise, the defendants' argument that Freeman's claims must be disallowed because they are "administrative claims" is not for this court's consideration. The defendants can present this view of the case to the Bankruptcy Court — the court with the exclusive jurisdiction to decide such matters.

In sum, this court lacks subject matter jurisdiction to proceed on the plaintiff's claims against Kmart. Questions regarding Kmart's bankruptcy discharge and the

---

have felt compelled to resign?" Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004).

Bankruptcy Court's injunction exist and the Bankruptcy Court retained exclusive jurisdiction to resolve such issues. Accordingly, I will grant the defendants' motion for judgment on the pleadings as to the plaintiff's claims against Kmart and dismiss the claims without prejudice. If the Bankruptcy Court rules that any of Freeman's causes of action against Kmart survived the bankruptcy, she can then seek relief on those claims.

      B.     Plaintiff's State Law Claims against Defendant Fisher

The plaintiff invokes this court's supplemental jurisdiction in order to bring the two state law claims against defendant Fisher. See Compl. ¶ 2.[7] As the defendants correctly point out, with the dismissal of the federal question claims against Kmart, this court no longer has supplemental jurisdiction over Freeman's state law claims against Fisher. Accordingly, I will dismiss the claims against Fisher without prejudice.

The supplemental jurisdiction statute provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Therefore, an initial requirement for a federal court to exercise supplemental jurisdiction over a state law claim is that the court must have original jurisdiction of a related claim. See MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d

---

[7]Since the claims against Fisher are based on state law, the court does not have federal question subject matter jurisdiction over the claims. See 28 U.S.C. § 1331. In addition, the face of the complaint does not indicate that federal diversity jurisdiction exists, *i.e.*, Freeman and Fisher are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

1086, 1102 (3d Cir. 1995) (listing the three requirements to supplemental jurisdiction and noting that the first requirement is that the "federal claim must have substance sufficient to confer subject matter jurisdiction on the court"). Since I have dismissed the only claims in which I have original jurisdiction, *i.e.*, the federal Title VII claims, this court does not have the authority to exercise any supplemental jurisdiction over the remaining state law claims. Therefore, I will grant the defendants' Rule 12(c) motion with respect to defendant Fisher and dismiss the state law claims against Fisher without prejudice.

### IV.  CONCLUSION

Based on the foregoing reasons, I will grant the defendants' Rule 12(c) motion for judgment on the pleadings. This court lacks subject matter jurisdiction over the plaintiff's claims. The United States Bankruptcy Court for the Northern District of Illinois retained exclusive jurisdiction to resolve the matters raised in the parties' briefs and supplemental jurisdiction does not exist for the state law claims.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SIMONE S. FREEMAN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 06-2412** |
| | : | |
| **KMART CORPORATION,** | : | |
| **and DAVID FISHER,** | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 30th day of May, 2007, upon consideration of defendants' Motion for Judgment on the Pleadings (Document No. 11), and the plaintiff's response thereto, it is hereby **ORDERED** that the motion is **GRANTED**. The action against defendants Kmart Corporation and David Fisher is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.